UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

VISTA CAPITAL MANAGEMENT SA, :

                Plaintiff, :    13 Civ. 955 (NRB) (KNF)

   - against – :

ILLUMINA, INC., WILLIAM H. RASTETTER, :
JAY T. FLATLEY, BLAINE BOWMAN, DANIEL
M. BRADBURY, KARIN EASTHAM, PAUL C. :
GRINT, GERALD MOLLER, DAVID R. WALT,
and ROY WHITFIELD, :
                Defendants. :

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)

Plaintiff Vista Capital Management SA ("Vista") respectfully submits this memorandum in support of its motion for an order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing the Complaint and the action with prejudice.

### Factual and Procedural Background

This Court is familiar with the factual and procedural background of this action. That background is briefly described in the accompanying declaration of Paul Batista ("Batista Decl.").

## Argument

## THE ACTION SHOULD BE DISMISSED WITH PREJUDICE AND WITHOUT SANCTIONS, ATTORNEYS' FEES OR COSTS

A.  **The Standards Applicable to Motions under Rule 41**

Fed. R. Civ. P. 41(a) provides in relevant part:

**Rule 41. Dismissal of Actions**

**(a) Voluntary Dismissal.**

  **(1)** *By the Plaintiff.*

  **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

  . . .

  **(ii)** a stipulation of dismissal signed by all parties who have appeared . . . .

  **(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considered proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Dismissal of Vista's Complaint with prejudice – and without the imposition of sanctions, attorneys' fees or costs – is warranted. This action is in its early stages. No pre-trial discovery has been conducted. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b), utilizing a 33-page legal memorandum, a one-and-a-half-page declaration, and a 15-page reply brief. Oral argument has been held on the motion, which remains *sub judice*.

A plaintiff's request for voluntary dismissal with prejudice is routinely granted unless a defendant can show "legal" prejudice. *See, e.g.*, *Smith* v. *Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Although Illumina is likely to urge that it has suffered prejudice because it has incurred legal fees, it is clear that a defendant's payment of legal fees is not the type of

2

"prejudice" that would warrant denial of a motion for dismissal with prejudice under Rule 41. *In re Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In any event, Illumina has already expressed its consent to dismissal with prejudice. *See* Batista Decl., Exhibit 2. This consent is not only expressed in defense counsel's February 6 letter (*id.*), but it is also precisely the only relief which the pending motion to dismiss requests.

**B.    The Standards Relevant to Dismissal**
**Without the Imposition of Attorneys' Fees or Sanctions**

As the Court's February 21, 2004 letter (*see* Batista Decl., Exhibit 4) reflects, the core issue for purposes of this motion is not whether the action should be dismissed with prejudice – both Vista and Illumina are in agreement that it should be – but whether defendants should be awarded attorneys' fees in connection with the dismissal. Certainly defendants' February 6 letter (*see* Batista Decl., Exhibit 2) urges that position, citing Rule 11 for the first time in this action.[1] The Court has commented on defendants' approach: "Given the procedural posture of this case (a fully briefed motion to dismiss on which oral argument has been held), any discussion of whether Rule 11 sanctions are available is premature until there is a decision on the merits of the pending motion. Thus, defendants' proposal is not workable. Accordingly, defendants must either agree to stipulate to a dismissal and forego sanctions or decline the proposed stipulation, in which case plaintiff may file a motion under Rule 41(a)(2)." *See* Batista Decl., Exhibit 4.

The Second Circuit's decision in *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985), underscores the approach taken in this Circuit and elsewhere:

> Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2) . . . . The purpose of such awards is

---

[1] At no point in their motion to dismiss did defendants suggest that Rule 11 sanctions or a sanction under any other rule or statute was appropriate. Nor did defendants in their briefing describe the Complaint as frivolous or motivated by subjective or objective bad faith.

3

generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be re-filed and will impose duplicative expenses upon him. *See Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965), *cert. denied*, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966) . . . .

In contrast, when a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), attorney's fees have almost never been awarded . . . . [764 F.2d at 133-134; emphasis in original.]

*Colombrito* articulated the policy considerations that underlie this nearly universal approach – policy considerations that are relevant in this action. "The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after trial . . . ." *Id. Colombrito* emphasized that refraining from imposing legal fees or other sanctions would encourage, not "discourage" (*id.*), the voluntary dismissal of actions where a plaintiff elects to do so with prejudice. *Id.*

As defendants undoubtedly will point out, *Colombrito* itself acknowledged that the strong policy against imposing an award of attorneys' fees can, "under exceptional circumstances," be overcome. "Our reading of Rule 41(a)(2) does not altogether foreclose fees in the event of a dismissal with prejudice. Conceivably such an award might be one of the appropriate 'terms and conditions' authorized by Rule 41(a)(2), *e.g.*, if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.* at 134-35. Vista's action presents none of the "exceptional circumstances" to which *Colombrito* refers. This is *not* a case involving the filing, voluntary dismissal, and refiling of an action. Vista brought a single lawsuit and will not bring another one.

Defendants can also be expected to assert that the approach emphasized by *Colombrito* with respect to with-prejudice dismissals does not apply because the Private Securities Litigation Reform Act ("PSLRA") contains a provision authorizing a court's consideration of imposing legal fees if and to the extent that a complaint violates the standards utilized under Rule 11. Indeed, defendants February 6 letter (*see* Batista Decl., Exhibit 2) for the first time in the case repeatedly refers to Rule 11.

The fact that the PSLRA contains provisions regarding fee-shifting does not impair the standards of *Colombrito* as applied to Vista's action. *Colombrito* itself was a civil action under 42 U.S.C. §1983, a type of action which authorizes the shifting of fees. The District Court in *Colombrito* had in fact concluded – after years of litigation – that defendants were entitled to legal fees under §1988 because the action was "'vexatious, meritless,'" and "'for the purpose of harassing'" the defendants. 764 F.2d at 128.

The Second Circuit in *Colombrito* reversed the District Court's grant of legal fees in the context of Rule 41(a)(2) despite the availability of an independent statutory basis, in §1988, for the awarding of fees. As emphasized earlier in this memorandum, the core principle cited by *Colombrito* is that, "when a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), attorney's fees almost never have been awarded." 764 F.2d at 133-34; emphasis in original. *Colombrito* did acknowledge that "[s]everal courts have held that a Rule 41(a)(2) award of fees in such a situation is appropriate only when there is independent statutory authority for such an award" (*id.* at 134*)*. But, as previously noted, *Colombrito* also stressed that "[s]ome courts have assumed or held that fees can be awarded under exceptional circumstances but have failed to find such circumstances . . . ." *Id.* In any event, *Colombrito* expressly "decline[d] to adopt" the "exceptional circumstances" standard in "view of" its "questionable

origins and rationale . . . ." *Id. See also AeroTech, Inc.* v. *Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[W]hen a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal . . . . [W]hen a litigant makes a repeated practice of bringing claims and then dismissing them . . . after inflicting substantial litigation costs on the opposing party and the judicial system, attorney's fees might be appropriate"); *Pacific Vegetable Corp.* v. *S/S Shalom*, 257 F.Supp. 994, 948 (S.D.N.Y. 1966) ("[I]t is clear that in the context of a dismissal with prejudice attorney's fees and expenses are not appropriate"); *Lawrence* v. *Fuld*, 32 F.R.D. 329, 332 (D. Md. 1963); *Lum* v. *Mercedes Benz USA*, 246 F.R.D. 544, 546 (N.D. Ohio 2007) ("On the other hand, attorney fees and expenses are generally not awarded when plaintiffs voluntarily move to dismiss *with* prejudice") (emphasis in original)

*   *   *

In this action, every relevant factor warrants that the dismissal with prejudice *not* be conditioned on Vista's payment of defendants' fees or on the sanctioning of Vista under Rule 11, as defendants' February 6 letter (*see* Batista Decl., Exhibit 2) has suggested. Significantly, Vista's voluntary dismissal with prejudice is being sought at a very early stage. In *Colombrito*, for example, the with-prejudice dismissal, without the imposition of fees, followed years of litigation and trial.

Also significant is the fact that the defendants named in this action, in other cases based on the same events, agreed to dismissal under Rule 41(a)(2) without any requirement that the plaintiffs in those cases pay any portion of Illumina's legal fees.

Moreover, defendants in their pending motion to dismiss never once mentioned Rule 11 or the fee-shifting provisions of the PSLRA. At no point in their briefing did defendants describe the Complaint as frivolous or motivated by subjective or objective bad faith. Nor did

defendants initiate the procedures for which Rule 11 provides by requesting the withdrawal of the Complaint and thus affording Vista the "safe harbor" identified in Rule 11. (We acknowledge that it may be that, given the fee-shifting provisions under the PSLRA, defendants might not have been required to follow the Rule 11 procedures, but the fact remains that they did not.)

While it is true that Vista made the decision to withdraw this case after the Court expressed negative views about the Complaint and the action at oral argument on January 31, 2014, there is nothing unusual or impermissible about a litigant's decision to terminate a lawsuit in light of a judge's views. Certainly Vista had every reason to believe that, even if the Court denied the motion to dismiss and allowed the case to proceed, the Court (as its right) could continue to express reservations about the ultimate merits of the case, thus possibly escalating Vista's long-term costs in litigating it.

The Second Circuit has stressed a policy that favors voluntary dismissal with prejudice and without the condition of a plaintiff's payment of the defense's legal fees in analogous circumstances. In *Larchmont Engineering, Inc. v. Toggenburg Ski Ctr., Inc.*, 444 F.2d 490 (2d Cir. 1971), the Court wrote that "[a]fter pretrial discovery revealed the weaknesses of its claims, Larchmont may well have decided in good faith to minimize litigation expenses by foregoing its claims and by taking a voluntary dismissal. *Such a move should not be discouraged by the threat of imposing legal fees.*" 444 F.2d at 491; emphasis supplied.

Finally, considerations of judicial economy will be advanced by a Rule 41 dismissal without the imposition of attorneys' fees or sanctions. Just as Vista filed the Complaint in good faith, it also opposed the motion to dismiss in good faith. In the event this motion under Rule 41(a)(2) is denied, the Court will have to undertake the task of writing a decision on the issues raised by the dismissal motion. In the event that the dismissal motion is granted, the Court

may also proceed to another stage of the litigation – the determination of whether Vista violated Rule 11 or the analogous provision of the PSLRA. Given the fact that the possibility of a sanctions award would entail severe reputational risks to Vista and in particular to its counsel – who in 40 years of practice has never been found to have violated Rule 11 – it is reasonable to expect that Vista and its counsel would vigorously contest any future motion for the imposition of defense legal fees.

## Conclusion

For the foregoing reasons and for the reasons set forth in the accompanying declaration, plaintiff Vista Capital Management SA respectfully requests that the Court enter an order dismissing the action with prejudice and without the award to defendants of attorneys' fees and without the imposition of a sanction.

Dated: New York, New York
       February 27, 2014

PAUL BATISTA, P.C.

By _____
Paul Batista
Attorney for Plaintiff Vista Capital
   Management SA
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070 (Tel)
(212) 344-7677 (Fax)
Batista007@aol.com

8